Green J.
delivered the opinion of the court.
The court was clearly right in refusing to discharge the defendant in this case. The substance of the oath which, by the act of 1811, chap. 24, sec. 3, an insolvent debtor is required to take, is, that he has not disposed of, or secreted any part of his property, “whereby to receive or expect any benefit or advantage therefor, or to defraud any creditor, &c.” By the 4th sec. of said act, the court is required to discharge a party upon such oath being taken, provided it shall “be convinced of the truth thereof.” In this case, how was it possible for the court to be convinced of the truth of an oath, that he had not disposed of any part of his property to defraud any creditor; when in the schedule and statement made by the defendant, he declared that he had disposed of all his property, a greater part of which he had sold, and loaned the money, and assigned the notes for its payment, to a trustee, for the benefit of his children? A more glaring case of fraud cannot be conceived, and in the very face of the acknowledgment of it, the defendant.asked to be discharged, on *397 his taking; an oath, which it is insisted the chancellor ought t ° , , , . to have believed, that this sale of the property and assignment of the notes, were not made to defraud creditors.
The .act of 1821, chap. 17, does not change the act of 1811, in this particular, so that it was unnecessary to say any thing about the manner of the surrender. There was no offer to surrender the notes which had been assigned to Houston, for the benefit of his children; but on the contrary, he had parted with the legal right telecontrol them, when he made the assignment.
But there is error in this judgment. It was entered against the security alone, when by the 3d sec. of the act of 1824, it should have been entered against the “debtor and security.”
The judgment will be reversed, and this court, proceeding to give such judgment as the court below should have rendered, order that judgment be rendered against the debtor, Grisham, and Overton, the security.
Judgment reversed.